FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 JUL 24 PM 3:40
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

KHARMONIQUE MATADOR, an individual,

Plaintiff,

v.

CASE NO. 6:17-CV-1361-ORL-40TBS

CENTENE MANAGEMENT COMPANY LLC,
a Wisconsin Limited Liability Company, and
SUNSHINE STATE HEALTH PLAN, INC.,
a Florida Corporation,

Defendants.
_____/

## COMPLAINT

1. Plaintiff, KHARMONIQUE MATADOR, a/k/a KHARMONIQUE HUBERT, is an individual residing in Brevard County, Florida.

2. Plaintiff was an employee of Defendants, CENTENE MANAGEMENT COMPANY LLC, a Wisconsin Limited Liability Company, and SUNSHINE STATE HEALTH PLAN, INC., a Florida Corporation (collectively "Defendants"), and brings this action against Defendants for unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

3. At all times material to this Complaint, Defendants have owned and operated a Fortune-500 healthcare business with its corporate headquarters in St. Louis Missouri and with operations in numerous States across the country—including but not necessarily limited throughout the State of Florida—providing services to government-sponsored healthcare and behavioral health and case management programs with a focus on underinsured and uninsured

people who receive benefits through, for example, Medicaid and state-based programs.

4. At all times material to this Complaint, Defendants, CENTENE MANAGEMENT COMPANY LLC and SUNSHINE STATE HEALTH PLAN, INC., directly or indirectly, acted in the interest of an employer toward Plaintiff, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff. Alternately, Defendants, CENTENE MANAGEMENT COMPANY LLC and SUNSHINE STATE HEALTH PLAN, INC., and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to such Plaintiff. As a second alternative, Defendants, CENTENE MANAGEMENT COMPANY LLC and SUNSHINE STATE HEALTH PLAN, INC., and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because they commonly controlled the terms of compensation and employment of Plaintiff and because they are not completely disassociated with respect to the terms of compensation and employment of Plaintiff. As a final alternative, Defendants, CENTENE MANAGEMENT COMPANY LLC and SUNSHINE STATE HEALTH PLAN, INC., and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff.

5. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

6. The events, or a substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division.

7. At all times material to this Complaint, including but not necessarily limited to during the years 2014, 2015, 2016, and 2017, Defendants, CENTENE MANAGEMENT COMPANY LLC and SUNSHINE STATE HEALTH PLAN, INC., have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, Defendants, CENTENE MANAGEMENT COMPANY LLC and SUNSHINE STATE HEALTH PLAN, INC., have employed two (2) or more employees who, *inter alia*: (a) regularly handled and worked on office equipment—including but not limited to computers, photocopier/scanners, printers, telephones—that were goods and/or materials moved in or produced for commerce; (b) regularly handled and worked with commercial office supplies—including but not limited to paper, pens, and UPS, FedEx, and United States Postal Service shipping materials—that were goods and/or materials moved in or produced for commerce; and (c) regularly processed and participated in electronic bank, transfers, payroll, insurance, and other financial transactions across Florida and other State lines throughout the United States including but not limited to Missouri.

8. Based upon information and belief, the annual gross sales volume of Defendants, CENTENE MANAGEMENT COMPANY LLC and SUNSHINE STATE HEALTH PLAN, INC., has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2014, 2015, 2016, and 2017.

9. At all times material to this Complaint, including but not necessarily limited to during the years 2014, 2015, 2016, and 2017, Defendants, CENTENE MANAGEMENT COMPANY LLC and SUNSHINE STATE HEALTH PLAN, INC., have constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the

FLSA, 29 U.S.C. §203(s).

10. During the three (3) year statute of limitations period between approximately July 2014 and November 2016, Plaintiff's primary duties for Defendants while in the position known as "Case Manager" were non-exempt in nature, consisting of: (a) working with the Case Management Care Plan assigned to her by Defendants; (b) visiting and calling patients to follow up on their care and services; (c) assisting with the discharge of patients; and (d) completing daily notes, reports, and related paperwork in accordance with Defendants' protocols. Significantly, however, throughout this time period, Plaintiff <u>did not</u> manage any department or subdivision of Defendants or oversee or supervise two (2) or more other employees of Defendants, and Plaintiff's primary duties <u>did not</u> involve the exercise discretion and independent judgment with respect to matters of significance in Defendants' general business operations.

11. Throughout Plaintiff's employment with Defendants within the three (3) year statute of limitations period between approximately July 2014 and November 2016, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendants at multiple locations including but not limited to in, *inter alia*, Maitland in Orange County as well as in Ocala in Marion County and in Jacksonville in Duval County. More specifically, throughout the three (3) year statute of limitations period between approximately July 2014 and November 2016, Plaintiff regularly worked Five (5) days to (7) days per week for Defendants with start times as early as 8:00 a.m. and stop times ranging between 5:00-7:00 p.m.—and with frequently working during the evenings and on the weekend for Defendants.

12. However, despite the fact that Plaintiff regularly worked in excess of Forty (40) hours per week for Defendants during numerous work weeks between approximately July 2014 and November 2016, Defendants failed to pay Plaintiff time and one-half wages for all of

Plaintiff's actual overtime hours worked as required by the Fair Labor Standards Act, as Defendants misclassified Plaintiff and other Case Managers as exempt from the FLSA's overtime compensation requirements despite their primary duties being non-exempt in nature—until approximately June 2016 when Defendants reclassified Plaintiff and other Case Managers were from exempt to non-exempt consistent with the FLSA's requirements.

13. Based upon Defendants paying Plaintiff average gross weekly wages of approximately $893.08/week to $926.57/week and Ms. Matador being owed an average of Twenty-Five (25) unpaid overtime hours per week during a total of approximately One Hundred and One (101) work weeks within the statute of limitations period between approximately July 2014 and May 2016, if Plaintiff's unpaid overtime wages for this time period are found to be due and owing at the half time rates of $6.87/hour [$893.08/week gross wages divided by 65 hours = $13.74/2 = $6.87/hour] and $7.13/hour [$926.57/week gross wages divided by 65 hours = $14.25/2 = $7.13/hour] respectively, Plaintiff's unpaid overtime wages for this period total approximately $17,797.09 [($6.87/hour x 25 Unpaid OT hours/week x 31 weeks = $5,324.10) + ($7.13/hour x 25 Unpaid OT hours/week x 70 weeks = $12,472.99) = $17,797.09], whereas if Plaintiff's unpaid overtime hours are found to be due and owing at the rates of $34.57/hour and $33.49/hour [($893.08/week gross wages divided by 40 hours = $23.16 x 1.5 = $34.75/hour) ($926.57/week gross wages divided by 40 hours = $22.33 x 1.5 = $33.49/hour], Plaintiff's unpaid overtime wages for this time period total approximately $86,760.82 [[($33.49/hour x 25 Unpaid OT hours/week x 31 weeks = $25,954.99) + ($34.57/hour x 25 Unpaid OT hours/week x 70 weeks = $60,805.73) = $86,760.82],

14. In addition, Plaintiff further alleges Defendants failed to pay her an average of approximately Ten (10) overtime hours per week between June 2016 to November 2016 as a result

of "off the clock work" Plaintiff performed in the evenings and weekends in order to meet Defendants' deadlines, such that based on Plaintiff being owed Ten (10) unpaid overtime hours per week from Defendants at an applicable overtime rate of $34.75/hour [$23.17/hour x 1.5] during 20 weeks within this time period, Plaintiff's additional unpaid overtime wages total approximately $6,950.00 [$34.75/hour x 10 Unpaid OT hours/week x 20 weeks = $6,950.00].

15. Based upon information and belief, Defendants failed to maintain records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff during each week of her employment with Defendants within the three (3) year statute of limitations period between approximately July 2014 and November 2016 and September 2016 as required by the FLSA, 29 C.F.R. §516.2(a)(7).

16. Defendants had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff between July 2014 and November 2016, but Defendants nonetheless willfully failed to compensate Plaintiff for the overtime hours she worked for Defendants, instead accepting the benefits of the work performed by Plaintiff without the overtime compensation required by the FLSA, 29 U.S.C. §207.

17. Based upon information and belief, the complete records reflecting the compensation Defendants actually paid to Plaintiff each week between July 2014 and November 2016 are in the possession, custody, and/or control of Defendants.

**COUNT I**
**OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

18. Plaintiff, KHARMONIQUE MATADOR, readopts and realleges the allegations contained in Paragraphs 1 through 17 above.

19. Plaintiff is entitled to be paid time and one-half of her applicable regular rate of pay for each hour worked for Defendants in excess of Forty (40) hours per work week within the three

(3) year statute of limitations period between approximately July 2014 and November 2016.

20.     Defendants knowingly and willfully failed to pay Plaintiff at time and one-half of her applicable regular rates of pay for all of her actual hours worked for Defendants in excess of Forty (40) per week during the three (3) year statute of limitations period between approximately July 2014 and November 2016.

21.     At all times material to this Complaint, Defendants had notice and knowledge that their compensation practices did not provide Plaintiff with time and one-half wages for all of her actual overtime hours worked between July 2014 and November 2016, based upon, *inter alia*: (a) Defendants failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff; and (b) Defendants failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff each week between approximately July 2014 and November 2016, including but not necessarily limited to because of Defendants' management having knowledge of the overtime hours worked by Plaintiff.

22.     Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff in one or more weeks during the three (3) year statute of limitations period between approximately July 2014 and November 2016, as a result of which Plaintiff is entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

23.     By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

24.     Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable

attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

25.    Plaintiff demands a jury trial pursuant to the FLSA.

WHEREFORE, Plaintiff, KHARMONIQUE MATADOR, demands judgment against Defendants, jointly and severally, CENTENE MANAGEMENT COMPANY LLC and SUNSHINE STATE HEALTH PLAN, INC., for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  July 20, 2017              Respectfully submitted,

By:    **s/KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
Hazel Solis Rojas, Esquire
Florida Bar No. 91663
E-mail: hsolis@workingforyou.com
LAW OFFICE OF KEITH M. STERN, P.A.
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone: (305) 901-1379
Facsimile: (561) 288-9031
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **Centene Corporation and Sunshine State Health Plan**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

Kharmonique Matador
Printed Name

Signature: _____

Email: _____