UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KHARMONIQUE MATADOR, an individual,

      Plaintiff,

      v.                            Case No:  6:17-cv-1361-Orl-40TBS

CENTENE MANAGEMENT COMPANY LLC,
a Wisconsin Limited Liability Company, and
SUNSHINE STATE HEALTH PLAN, INC.,
a Florida Corporation,

      Defendants.
_____/

### JOINT MOTION TO APPROVE FLSA SETTLEMENT AND DISMISS THE ACTION WITH PREJUDICE

Plaintiff, Kharmonique Matador ("Plaintiff") and Defendants, Centene Management Company LLC and Sunshine State Health Plan, Inc. ("Defendants"), jointly move this Court to review and approve the Parties' Settlement Agreement attached hereto and enter an Order dismissing this action with prejudice.  In support thereof, the Parties state as follows:

1.      The Complaint in this case was filed on July 24, 2017, and an Amended Complaint was filed on August 29, 2017, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), by failing to pay overtime wages in connection with work Plaintiff performed in the position of "Case Manager" between approximately July 2014 and November 2016.

2.      On September 19, 2017, the Court issued a Scheduling Order, D.E. #18, requiring the exchange of documents and records, Answers to Court Interrogatories, and an in-person meeting between Plaintiff's Counsel and Counsel for Defendants to confer in good faith settlement

1

discussions.

3.      As set forth in Plaintiff's Answers to the Court's Interrogatories filed on October 26, 2017, D.E. #19, Plaintiff's initial estimate of her unpaid overtime wages included $12,807.90 in alleged overtime compensation (which was calculated using the "half-time" method, and was based on Plaintiff's allegation that she worked twenty-five (25) overtime hours per week between July 2014 and mid-July 2016),[1] along with $6,777.23 in overtime which Plaintiff claimed was owed for uncompensated work Plaintiff alleged she performed between July 2016 and November 2016 (which was based on Plaintiff's allegation that she worked fifteen (15) unpaid overtime hours per week during that time period).

4.      Defendants deny any wrongdoing under the FLSA and deny that Plaintiff worked the hours she alleges or is entitled to any relief whatsoever.  In this regard, while Plaintiff has alleged that her primary duties as a "Case Manager" were non-exempt in nature, Defendants have raised as a complete defense to Plaintiff's alleged unpaid overtime claims that Plaintiff was properly classified as exempt from overtime and was compensated for all time worked at the appropriate wage rate.

5.      On November 17, 2017, Plaintiff's Counsel met with Counsel for Defendants in person in a good faith effort to reach a resolution of all of Plaintiff's claims in this case.  However, despite attempts by Plaintiff and Defendants both before this in-person meeting to agree upon a compromise in this matter—including but not limited to pre-suit communications which began in June 2017 when Plaintiff first provided notice to Defendants of her claims for alleged unpaid overtime wages as well as multiple telephone calls between July 2017 and early November 2017—

---

[1] Plaintiff's alternative time and one-half calculation was ultimately confirmed to be inconsistent with the undisputed salaried nature of the wages reflected as having been paid by Defendants in the compensation records produced by Defendants in this matter.

no settlement was reached.

6.      On December 21, 2017, the parties filed a Joint Settlement Report in which a Settlement Conference before a United States Magistrate Judge was requested, D.E. #22, and on December 29, 2017, the Court issued an Order setting a Settlement Conference for January 18, 2018 before the Honorable United States Magistrate Judge Daniel C. Irick, D.E. #29.

7.      On January 16, 2018, after extensive settlement discussions between the parties culminated in Plaintiff and Defendants reaching an agreement in principle on a compromise to resolve all of Plaintiff's claims in this case, the parties filed their Notice of Settlement, D.E. #30, while counsel began to prepare the written Settlement Agreement in this case.

8.      Despite the defenses which Defendants maintain would ultimately prevail at summary judgment and/or trial in this matter, Defendants recognize that litigation is costly and the outcome is uncertain.  To avoid the costs and uncertainty of further litigation, Defendants have agreed upon a settlement in order to resolve all of Plaintiff's FLSA claims in this case.

9.      As set forth in the Parties' Settlement Agreement, which is attached hereto as Exhibit A, Defendants have agreed to pay Plaintiff consideration in the amount of $5,000.00 to resolve her underlying claims for alleged unpaid overtime wages, plus $5,000.00 in consideration to resolve Plaintiff's claims for alleged liquidated damages, even though Defendants deny that Plaintiff is entitled to any relief.  In addition, the parties also separately negotiated and have reached a compromise to resolve all of Plaintiff's claims for attorneys' fees and costs in this case.

10.     The Parties jointly submit that their settlement is a fair and reasonable resolution of the dispute between the Parties and was reached through arms-length negotiations.  All Parties have been represented by counsel during the negotiation process and the Parties agree, based on the scope of the claims and the costs of continued litigation, that the settlement represents a fair

and reasonable resolution of Plaintiff's claims.

## MEMORANDUM OF LAW

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them…The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

In accordance with *Lynn's Food*, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute..." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of Plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See, e.g., Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *adopted by* 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).  The Court should be mindful of the strong presumption in favor of finding a settlement fair.  *Id.*

As set forth in the Parties' Agreement attached hereto as Exhibit A, Defendants have agreed to pay Plaintiff $5,000.00 in consideration to resolve her claims for alleged unpaid overtime wages and $5,000.00 in consideration to resolve her claims for alleged liquidated damages, as a result of which Plaintiff will received $10,000.00 for her underlying claims in this case notwithstanding the risk Plaintiff faced of a potential zero-outcome judgment if any one of Defendants' defenses had proven to be dispositive.  The Parties submit that the settlement amounts agreed upon to be paid to Plaintiff are fair and reasonable given the existence of multiple disputed legal and factual issues involving Plaintiff's claims, including whether Defendants owed any relief to Plaintiff at all under the Fair Labor Standards Act.  To this end, there exist a number of bona fide disputes in this case, including the Defendants' "administrative" and "professional" exemption defenses under 29 U.S.C. § 213(a)(1), the number of hours worked by Plaintiff, the "good faith" defenses under 29 U.S.C. §§ 259 and 260, the "willfulness" requirement to trigger a third year of liability under 29 U.S.C. § 255, and the computation of damages.  The Parties believe there are bona fide disputes on all of the above issues, disputes that would have to be resolved by summary judgment or a trial on the merits.  The Parties recognize that, among these disputes, proof of the exemption defenses and the number of hours worked by the Plaintiff would entail substantial time, effort, and expense, and present significant risks for both sides.

The settlement reached in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Plaintiff and Defendants following significant exchange of information and discussion between counsel to

reach this Agreement.  To this end, Plaintiff and Defendants have at all times been represented by competent counsel experienced in the litigation of FLSA and employment claims, and the Parties' Agreement represents a reasonable compromise of Plaintiff's claims in this case in light of the amounts Plaintiff arguably could have recovered and the various defenses Defendants have raised in opposition to Plaintiff's claims.  *See Bonetti v. Embarq Management Co.,* 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009) ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

Next, the compromise agreed upon in the parties' Agreement to resolve Plaintiff's attorneys' fees and costs incurred in this case was separate and distinct from the underlying resolution of Plaintiff's claims for alleged unpaid wages and liquidated damages.  As numerous Courts have held, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.  *See, e.g.*, *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *11-12.  More specifically here, Defendants have agreed to pay $8,000.00 to resolve all of Plaintiff's claims for attorneys' fees and costs, with Plaintiff's Counsel having incurred $1,030.00 for out-of-pocket costs from the filing fee, service of process costs, and legal research. Notably, although Plaintiff's total attorneys' fee time since June 2017 in this case is $13,615.00 overall from 29.40 hours of lead counsel Keith M. Stern, Esquire at the rate of $375.00/hour [$11,025.00] and 14.80 hours of Hazel Solis Rojas, Esquire at the rate of $175.00/hour [$2,590.00], the compromise under the parties' Agreement is being accepted in resolution of all of Plaintiff's attorneys' fees in this case as part of facilitating a settlement herein.

In conclusion, based upon the facts and circumstances of this case, the parties jointly advise the Court that the amount the Defendants have agreed to pay under the terms of the Parties' Agreement is a fair and reasonable settlement of a bona fide dispute.  The Parties therefore respectfully submit that the Parties' Settlement should be approved by the Court consistent with *Lynn's Food*, 679 F.2d at 1353.

WHEREFORE, Plaintiff, Kharmonique Matador, and Defendants, Centene Management Company LLC and Sunshine State Health Plan, Inc., respectfully request that the Court find the attached Settlement Agreement to be fair and reasonable and dismiss this action with prejudice.

Respectfully submitted this 2nd day of February, 2018.

**/s/ KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
Hazel Solis Rojas, Esquire
Florida Bar No. 91663
E-mail: hsolis@workingforyou.com
LAW OFFICE OF KEITH M. STERN, P.A.
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone: (305) 901-1379
Facsimile: (561) 288-9031

Attorneys for Plaintiff

**/s/ DOUGLAS E. SMITH**
Robert J. Sniffen
E-mail: rsniffen@sniffenlaw.com
SNIFFEN & SPELLMAN, P.A.
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

Douglas E. Smith, Esquire
(Admitted *pro hac vice*)
E-mail: DESmith@littler.com
Breanne Sheetz Martell, Esquire
(Admitted *pro hac vice*)
E-mail: BSMartell@littler.com
Littler Mendelson, P.C.
600 University Street, Suite 3200
Seattle, Washington 98101
Telephone: (206) 381-4906
Fax: (206) 374-2813

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 2nd day of February, 2018, a true and correct copy of the foregoing was electronically filed in the US District Court, Middle District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Keith M. Stern
KEITH M. STERN

Firmwide:152610563.1 082220.1025