# FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT AND RELEASE

This Fair Labor Standards Act Settlement Agreement and Release (hereinafter referred to as "Agreement"), is entered into by and between KHARMONIQUE MATADOR (hereinafter referred to as "MATADOR") and CENTENE MANAGEMENT COMPANY LLC ("Centene") and SUNSHINE STATE HEALTH PLAN, INC. ("Sunshine") (hereinafter referred to collectively as "Employer"). Throughout this Agreement, MATADOR and Employer shall collectively be referred to as the "Parties." It is understood and agreed that the purpose of this Agreement is to resolve and settle all Fair Labor Standards Act (FLSA) claims of MATADOR brought in the civil action *Kharmonique Matador v. Centene Management Company LLC and Sunshine State Health Plan, Inc.,* Case No. 6:17-cv-1361-Orl-40TBS in the United States District Court for the Middle District of Florida (the "Lawsuit"). This Agreement shall not in any way be construed as an admission by Employer of any violation of any law or any other liability (including common law liability) to MATADOR.

## RECITALS

This Agreement is made considering the following facts:

A. **WHEREAS**, MATADOR was employed by Employer;

B. **WHEREAS**, MATADOR is the named Plaintiff in the Lawsuit, alleging Employer violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201, *et seq.*, allegations which Employer vehemently denies;

C. **WHEREAS**, Employer denies the validity of the claims and allegations asserted by MATADOR in the Lawsuit and denies that Centene or Sunshine are subject to any liability; and

D. **WHEREAS**, the Parties wish to resolve and settle their differences without further litigation;

E. **WHEREAS**, the Parties and their counsel have also concluded that the terms of this Agreement are fair, reasonable, adequate and in the Parties' mutual best interests; and

F. **WHEREAS**, Employer is willing to provide MATADOR with certain consideration described below as part of a resolution of the Lawsuit, in return for which MATADOR releases Employer from any and all wage and hour claims she has made or might make as set forth in Paragraph 4 of this Agreement.

**NOW THEREFORE**, for and in consideration of the promises and mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals**: The Parties acknowledge that the preceding recitals in Paragraphs A through F are true and correct, and are incorporated herein as material parts to this Agreement.

2. **Payment to MATADOR**: In consideration for MATADOR executing this Agreement, Employer agrees to pay MATADOR consideration ("Payments") as follows:

    A. Payment to MATADOR as consideration for alleged unpaid overtime wages in the gross amount of $5,000.00 (less applicable taxes and deductions). This amount shall be treated as wages with the applicable taxes and legal deductions made; and

    B. Payment to MATADOR as consideration for alleged liquidated damages in the amount of $5,000.00. No deductions or withholdings for federal, state, local, or

other taxes or deductions shall be made from this amount, and Employer shall issue an I.R.S. 1099 misc. form to MATADOR; and

    C.    Attorney's Fees and Costs: Employer shall issue payment in the amount of $8,000.00 payable to MATADOR's counsel, Keith M. Stern, P.A., which amount includes and covers payment for all attorney's fees and costs incurred in the Lawsuit. Employer shall issue an I.R.S. 1099 misc. form to Keith M. Stern, P.A. for this amount; and

    D.    The Payments from Employer provided in this Paragraph 2 shall be sent to MATADOR'S attorney within twenty-one (21) calendar days after the latest date on which each of the following events occurs: (i) Employer receives this Agreement signed and dated by MATADOR; (ii) receipt of fully completed and fully-executed tax forms for MATADOR and her counsel; and (iii) the Court enters an order granting approval of this Settlement Agreement and dismissing the Lawsuit with prejudice.

3. **No Consideration Absent Execution of this Agreement**: MATADOR acknowledges and agrees that she would not be entitled to receive the Payments provided in Paragraph 2 of this Agreement if MATADOR did not make the promises that MATADOR is making in this Agreement.

4. **Release of Wage and Hour Claims under the FLSA**: In exchange for Employer making the Payments being provided in Paragraph 2 of this Agreement, MATADOR releases and discharges Employer from all FLSA claims that were or could have been asserted on the basis of the facts alleged in the Lawsuit.

5. **No Admission of Liability**: Neither the fact of this Agreement nor any of its terms or provisions shall be construed as an admission of wrongdoing or liability, or that any fact

3

or allegation asserted by either Party was true. Nothing in this Agreement shall be admissible as evidence, or as an admission by Employer, of any violation of any federal, state, or local law (including the common law), or of Employer's own policies or procedures. MATADOR recognizes that the consideration provided under Subparagraphs 2.A. and 2.B of this Agreement fully and completely resolves and satisfies any rights or claims MATADOR has or may have under the FLSA based on the facts alleged in the Lawsuit.

6. **Dismissal of Lawsuit**: In exchange for and in consideration of the Payments and other consideration provided in and supporting this Agreement, and upon execution of this Agreement, MATADOR agrees to take all actions necessary to facilitate the dismissal of the Lawsuit with prejudice, including but not limited to the filing of a Joint Motion for Settlement Approval.

7. **Taxes and Indemnification**: MATADOR will be solely responsible for paying any amounts due to any governmental taxing authority as a result of the Payments under Paragraph 2 of this Agreement, except for the tax withholdings under Paragraph 2.A which Employer shall remit to the appropriate government agencies. MATADOR agrees to indemnify Employer in the event that any governmental taxing authority asserts against Employer any claim for unpaid taxes, failure to withhold taxes, penalties or interest based upon the allocation and payment of the consideration under this Agreement. In paying the amounts specified in Paragraph 2, Employer make no representation regarding the tax consequences or liability arising from said Payments. MATADOR has not relied upon any advice from Employer and/or its attorneys as to the allocation of the Payments under this Agreement for any tax or other purposes, or

regarding tax withholding or the ultimate taxability of the Payments, whether pursuant to federal, state or local tax laws or otherwise.

8. **No Assignment**: MATADOR represents and warrants that no other person than MATADOR has or had any interest in the matters referred to in this Agreement and has the sole right and exclusive authority to execute this Agreement.

9. **Interpretation and Severability**: The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.  This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement.  Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

10. **Counterparts**:  This Agreement may be executed in one or more counterparts, each of which together shall be deemed to be an original, but all of which together shall constitute one Agreement and the same instrument.  Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

11. **Binding Nature of Agreement**:  This Agreement shall be binding on each of the Parties.

12. **Governing Law and Jurisdiction**: This Agreement shall be governed by and construed in accordance with the laws of the State of Florida and precedent of the United States Court of Appeals for the Eleventh Circuit Court, without regard to its choice of laws or conflict of laws principles.

13. **Amendment**: This Agreement may not be modified, changed, amended or revoked except through a written document, signed by an authorized representative of each of the Parties, in which the Parties expressly agree to modify it.

14. **Right to Retain Counsel**: MATADOR acknowledges that she has had the right and opportunity to consult an attorney prior to signing this Agreement and has been advised to do the same.

15. **Voluntary Agreement**: This Agreement is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement, have been given a reasonable period of time to consider whether to accept this Agreement, and that they understand the words, terms, conditions and legal significance of this Agreement.

BY SIGNING THIS AGREEMENT, MATADOR STATES THAT: MATADOR HAS READ IT; MATADOR UNDERSTANDS IT AND KNOWS THAT SHE IS GIVING UP RIGHTS AND CLAIMS SHE MAY HAVE; SHE AGREES TO ALL TERMS AND CONDITIONS CONTAINED HEREIN; SHE IS AWARE OF HER RIGHT TO CONSULT WITH AN ATTORNEY; AND SHE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this AGREEMENT as of the date set forth below:

Date: Feb 1, 2018 _____

*kharmonique st hubert matador*
kharmonique st hubert matador (Feb 1, 2018)
_____
**KHARMONIQUE MATADOR**

Date: _____

_____
**Sign:**

Print Name: _____
**On behalf of CENTENE MANAGEMENT COMPANY LLC and SUNSHINE STATE HEALTH PLAN, INC.**

13. **Amendment**: This Agreement may not be modified, changed, amended or revoked except through a written document, signed by an authorized representative of each of the Parties, in which the Parties expressly agree to modify it.

14. **Right to Retain Counsel**: MATADOR acknowledges that she has had the right and opportunity to consult an attorney prior to signing this Agreement and has been advised to do the same.

15. **Voluntary Agreement**: This Agreement is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement, have been given a reasonable period of time to consider whether to accept this Agreement, and that they understand the words, terms, conditions and legal significance of this Agreement.

BY SIGNING THIS AGREEMENT, MATADOR STATES THAT: MATADOR HAS READ IT; MATADOR UNDERSTANDS IT AND KNOWS THAT SHE IS GIVING UP RIGHTS AND CLAIMS SHE MAY HAVE; SHE AGREES TO ALL TERMS AND CONDITIONS CONTAINED HEREIN; SHE IS AWARE OF HER RIGHT TO CONSULT WITH AN ATTORNEY; AND SHE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this AGREEMENT as of the date set forth below:

Date: _____

KHARMONIQUE MATADOR

Date: 1/30/2018

Sign: _Jâlie Cohen_

Print Name: _Jâlie Cohen_
On behalf of CENTENE MANAGEMENT
COMPANY LLC and SUNSHINE STATE
HEALTH PLAN, INC.

6