UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KHARMONIQUE MATADOR,

    Plaintiff,

v.                                          Case No: 6:17-cv-1361-Orl-40TBS

CENTENE MANAGEMENT COMPANY
LLC and SUNSHINE STATE HEALTH
PLAN, INC.,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion to Approve FLSA Settlement and Dismiss the Action with Prejudice (Doc 33). Upon due consideration, I respectfully recommend that the motion be **GRANTED**.

### I. Background

Plaintiff filed this action in July 2017 (Doc. 1). Her amended complaint alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., by failing to pay overtime wages in connection with work she performed in the position of "Case Manager" between approximately July 2014 and November 2016 (Doc. 15). Defendants filed an answer disputing Plaintiff's claims, and raised numerous affirmative defenses, including an assertion that Plaintiff was properly classified as exempt from overtime and was compensated for all time worked at the appropriate wage rate (Doc. 17).

In her answers to the Court's interrogatories, Plaintiff estimated her unpaid overtime wages totaled $12,807.90 (calculated using the "half-time" method, based on

Plaintiff's allegation that she worked twenty-five overtime hours per week between July 2014 and mid-July 2016), along with $6,777.23 in overtime which Plaintiff claimed was owed for uncompensated work allegedly performed between July 2016 and November 2016 (15 alleged unpaid overtime hours per week) (Doc. 19). The parties entered into extensive settlement negotiations and have reached an agreement to settle this matter (Doc. 30). The instant motion followed.

## II. Discussion

### Legal Standard

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alternation in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claim is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings

- 3 -

and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

Before approving a settlement, the district court must first scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Lynn's Food, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise of issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the parties' settlement agreement rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this Circuit, including Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

Analysis

The parties' Settlement Agreement and Release (Doc. 33-1) provides that Plaintiff will receive $5,000.00 to resolve her underlying claims for alleged unpaid overtime wages, plus $5,000 to resolve her claims for alleged liquidated damages. The parties represent that this is a fair and reasonable compromise given the existence of multiple disputed legal and factual issues involving Plaintiff's claims, including whether Defendants' administrative and professional exemption defenses would preclude all recovery and the difficulties with respect to proof of the number of hours Plaintiff worked. See Doc. 33 at 5. In view of the strong presumption in finding a settlement to be fair, and

lacking any reason to suspect overreaching or other improper purpose, I see no reason to disagree with counsel.

The parties separately negotiated and have reached a compromise to resolve all of Plaintiff's claims for attorneys' fees and costs in this case for $8,000. Title 29 U.S.C.§ 216(b) provides that in an FLSA action seeking unpaid wages and overtime the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Id. Section 216(b) has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985) (citation omitted); see also Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir. 1987). The parties represent that the amount of Plaintiff's counsel's attorney's fees was determined separately and apart from Plaintiff's recovery. This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to counsel. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

I have reviewed the parties' settlement agreement and do not find any provision that detracts from the fairness or reasonableness of the settlement. While the agreement contains a release,[1] it is narrowly tailored and acceptable for these purposes. As such, the settlement agreement is due to be approved.

---

[1] The Agreement provides:

4. Release of Wage and Hour Claims under the FLSA: In exchange for Employer making the Payments being provided in Paragraph 2 of this Agreement, MATADOR releases and discharges Employer from all FLSA claims that were or could have been asserted on the basis of the facts alleged in the Lawsuit (Doc. 33-1, ¶4).

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The motion be **GRANTED**, and the parties' settlement agreement be approved as a fair and reasonable compromise of a bona fide FLSA dispute;

2. This action be dismissed with prejudice; and

3. The Court close the file.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 5, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record